Filed 5/23/24  P. v. Paige CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LEONDRE PAIGE,<br><br>    Defendant and Appellant. | A169627<br><br>(Alameda County<br>Super. Ct. No.<br>176452A) |

Defendant Leondre Paige appeals from the denial of his petition for resentencing under former Penal Code section 1170.95, now Penal Code section 1172.6.[1]  We affirm.

In November 2015, defendant was convicted of first degree murder (§ 187, subd. (a)) and the jury found true that he personally used and discharged a firearm causing great bodily injury (§ 12022.53, subds. (b)–(d)).  He was sentenced to 50 years to life (25 years to life for the first degree murder conviction and a consecutive 25-years-to-life sentence for the personal use of a firearm enhancement).  This court affirmed his conviction, but remanded to allow the trial court to exercise its then newly conferred

---

[1]  Effective June 30, 2022, Penal Code section 1170.95 was renumbered Penal Code section 1172.6, with no substantive changes to the text.  (Stats. 2022, ch. 58, § 10.)  All further statutory references are to the Penal Code unless otherwise indicated.

1

discretion under Senate Bill No. 620 (2017–2018 Reg. Sess.) to strike or dismiss the firearm enhancement. (§ 12022.53, subd. (h); Sen. Bill No. 620 (2017–2018 Reg. Sess.) § 2.)[2] The trial court declined to strike or dismiss the enhancement.

In April 2022, defendant filed a petition for resentencing under section 1170.95 (now section 1172.6). He attached as an exhibit our prior opinion and quoted from it in his petition, including that he "testified on his own behalf, admitting that he shot [the victim] but that his intention was that he 'just wanted to scare him,' as he was scared for, you know, my friend." "[H]e confirmed he 'had a black 9 millimeter "semi-automatic" gun with an extended clip.' "

Although the trial court recognized defendant's admission that he was the actual killer seemingly made him ineligible for resentencing relief as a matter of law, the court nevertheless deemed his petition " 'facially sufficient,' " appointed counsel, and asked for additional briefing by both parties as to whether defendant had made a "prima facie showing" of entitlement to resentencing relief.

The prosecutor argued the record of conviction, and specifically the jury instructions, demonstrated defendant was not convicted under a vicarious theory of culpability—i.e., either the natural and probable consequences doctrine or the felony-murder rule, the theories of culpability as to which sentencing relief would be available. Rather, the jury was instructed on first degree, premeditated murder and the lesser included offenses of voluntary manslaughter-heat of passion and voluntary manslaughter-imperfect defense of another. In connection with murder, the jury was instructed on malice

---

[2] We take judicial notice of our prior opinion in *People v. Paige* (May 25, 2018, A147429) [nonpub. opn.]. (Evid. Code, §§ 452, subd. (d), 459.)

aforethought.  It was also instructed on the defense of justifiable homicide, defense of another.

Defendant argued his general allegations—that the complaint/information " 'allowed the prosecution to proceed' " under the natural and probable consequences doctrine or the felony-murder rule, he was convicted of first degree murder "under" the natural and probable consequences doctrine or the felony-murder rule, and he could not now be convicted under either—sufficed to establish a "prima facie showing" of entitlement to resentencing relief.  He therefore asked that the court issue an order to show cause, allow discovery, and set the matter for an evidentiary hearing.

At the hearing, defense counsel pointed out defendant has been applying himself with industry in advancing his education and life skills and has the support of many individuals in his family and community.  Counsel urged the court to rule defendant made the minimal showing required to proceed with a hearing on the merits of his petition.

The court acknowledged defendant's positive efforts while incarcerated.  It also acknowledged defendant had checked all the boxes required to make his petition facially sufficient.  However, emphasizing the "narrow scope" of relief available under section 1170.95 (now section 1172.6), it concluded defendant had not made, and could not make, a prima facie showing of entitlement to resentencing relief.  The court made specific reference to the jury instructions, pointing out there were no instructions on either the natural and probable consequences doctrine or the felony-murder rule.  It therefore denied defendant's petition.

***Procedures under* Delgadillo**

"In *People v. Wende* (1979) 25 Cal.3d 436 . . . (*Wende*), [our Supreme Court] held the Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*People v. Delgadillo* (2022) 14 Cal.5th 216, 221 (*Delgadillo*).) The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Delgadillo,* at p. 221.)

In *Delgadillo*, the high court held a *Wende* analysis is not applicable to a trial court's order denying a petition for postconviction relief under section 1172.6, because the denial does not implicate a defendant's constitutional right to counsel in a first appeal as of right. (*Delgadillo, supra,* 14 Cal.5th at pp. 221–222.) The court also determined that general due process principles regarding fundamental fairness do not compel a *Wende* review of the order. (*Id.* at pp. 229–232.)

*Delgadillo* held that instead of using the process outlined in *Wende*, appointed counsel and the appellate court should do the following: "When appointed counsel finds no arguable issues to be pursued on appeal: (1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Delgadillo, supra,* 14 Cal.5th at pp. 231–232.)

"If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in

4

that brief and to issue a written opinion." (*Delgadillo, supra,* 14 Cal.5th at p. 232.)  "The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues. . . .  While it is wholly within the court's discretion, the Court of Appeal is not barred from conducting its own independent review of the record in any individual section 1172.6 appeal." (*Ibid.*)

Here, defendant's appellate counsel filed a brief raising no issues and requesting that we exercise our discretion to independently review the record for error pursuant to *Delgadillo.*  The brief includes counsel's declaration that states defendant was advised he could file his own brief with this court.  We duly notified defendant that the appeal would be dismissed as abandoned if he failed to submit a supplemental brief or letter within 30 days.  On April 15, 2024, we received defendant's seven-page supplemental brief.

*Analysis*

Defendant first maintains he could not be convicted of felony murder because his "underlying felony" was "possession of a firearm," which he "unintentionally discharged" trying to "scare" the victim from hurting his (defendant's) friend.  What this argument overlooks is that defendant was not, as the jury instructions demonstrate and the trial court ruled, convicted of murder under the felony-murder rule.  Rather, he was convicted as the actual killer, and the jury necessarily found he acted with the requisite degree of malice aforethought.  The jury did not, in other words, convict him of either lesser included offense (voluntary manslaughter-heat of passion or voluntary manslaughter-imperfect defense of another) and also rejected his defense of justifiable homicide defense of another.  It is beyond the province of a resentencing hearing to revisit a jury's assessment of the evidence and findings of fact.  (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947 [the mere

5

filing of a § 1172.6 petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings]; *People v. Allison* (2020) 55 Cal.App.5th 449, 461 [a petition for resentencing does not provide a do-over on factual disputes that have already been resolved], disapproved on another ground in *People v. Strong* (2022) 13 Cal.5th 698, 718, fn. 3.)

Defendant next argues that "assaultive" crimes, such as firing a gun (as he did), cannot "merge" into and thus cannot be the basis of a felony-murder theory. This argument fails for the reasons we have just discussed— defendant was tried and convicted as the actual killer and not tried or convicted under the felony-murder rule.

Defendant also expresses confusion as to what he perceives is a "conflict" between the no-resentencing-for-an-actual-killer rule of *Delgadillo* and our Supreme Court's holding in *People v. Chun* (2009) 45 Cal.4th 1172, 1178, superseded by statute as stated in *People v. Lamoureux* (2019) 42 Cal.App.5th 241, 247–249, addressing "the second degree felony-murder rule." *Delgadillo* is concerned solely with the requirements of the recently enacted resentencing statute and the scope of appellate review of trial court rulings on resentencing petitions. *Chun*, in contrast, revisited and modified the second degree felony-murder rule, holding that all "assaultive-type crimes . . . merge with the charged homicide and cannot be the basis for a second degree felony-murder instruction." (*Ibid.*) In so holding, the high court engaged in an extensive discussion of first and second degree felony murder, and the "merger" doctrine which embodies the requirement that "the underlying felony must be an independent crime and not merely the killing itself." (*Id.* at p. 1189.) "Thus, certain underlying felonies 'merge' with the homicide and cannot be used for purposes of felony murder." (*Ibid.*) *Chun* is

6

not pertinent to the instant appeal because, as we have discussed, defendant was not tried on, and the jury did not convict defendant under, any felony-murder theory.

Lastly, defendant points out sentencing relief under section 1172.6 now extends to " 'any theory in which malice was imputed to' " the defendant, quoting *People v. Lee* (2023) 95 Cal.App.5th 1164.  In *Lee*, the court considered whether the defendant's conviction based on the "provocative act" murder doctrine fell within the resentencing statute.  The court concluded it did because at the time the defendant was convicted, a defendant could be convicted for a killing by a third party provoked by an accomplice's actions with malice aforethought, regardless of the defendant's own personal mental state.  (*Id.* at p. 1169.)  While the provocative act doctrine has since been modified, that change did not foreclose the defendant from seeking resentencing relief.  (*Ibid.*)  As best as we can understand defendant's argument here, he maintains he was prosecuted under a theory that entailed "imputation of malice" and the jury may have convicted him without "actually consider[ing] [his] mental state."  The jury instructions, however, show he was not convicted on the basis of "imputed" malice (i.e., on the basis of some other person's malice, regardless of what defendant, himself, may actually have been thinking at the time).

Having addressed defendant's arguments, we decline counsel's request that we go on and independently review the full record, which, as counsel recognizes, is not required by law.  (*Delgadillo, supra,* 14 Cal.5th at p. 232.)

We also observe that no error appears in the resentencing proceedings or the trial court's decision denying resentencing.  In finding that defendant could not make a prima facie showing of entitlement to relief, the trial court pointed out defendant admitted he was the actual killer and the jury received

7

no instructions on the natural and probable consequences theory or the felony-murder rule. Thus, as the court concluded, the jury could not have convicted defendant on either theory for which it was not instructed, and therefore on a theory of liability affected by Senate Bill No. 1437 (2017–2018 Reg. Sess.). (See *People v. Soto* (2020) 51 Cal.App.5th 1043, 1055.) The court properly relied on the jury instructions in reaching its conclusion. (See *People v. Lewis* (2021) 11 Cal.5th 952, 970 [trial court may rely on the record of conviction to determine whether § 1172.6 prima facie showing is made]; *Soto,* at p. 1055 [jury instructions are part of the record of conviction].)

## DISPOSITION

The trial court's December 12, 2023 order denying defendant's section 1172.6 petition is AFFIRMED.

                                   _____

                                   Banke, J.

We concur:

_____

Humes, P. J.

_____

Siggins, J.*

*Retired Associate Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

A169627, People v. Paige